# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

HECTOR VALADEZ-GARCIA,

              Petitioner,

v.                                      CIVIL ACTION NO. 5:09-cv-00579

MR. BERKEBILE,,

              Respondent.

## JUDGMENT ORDER

The Court has reviewed the docket in the above-styled matter and observes the following: On May 26, 2009, Petitioner, proceeding pro se, was an inmate at FCI-Beckley, in Beckley, West Virginia. Petitioner filed an Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1). In his Section 2241 Petition, Petitioner alleged that he needs medical treatment for torn ligaments and tissue in his right knee. He asserted his desire to challenge "FCI Beckley's Medical Department's negligence to conduct a MRI." (*Id.* at 5.) He requested an "Emergency Equitable Injunction to compel" and an order requiring the Bureau of Prisons to schedule his appointment for an MRI with an "outside" physician.

On February 25, 2010, the assigned Magistrate Judge conducted a review of the instant Section 2241 Petition, pursuant to 28 U.S.C. § 1915A.[1] The Magistrate Judge determined that the allegations contained in the Section 2241 Petition indicated Petitioner's desire to initiate a civil

---

[1] Pursuant to the Court's Standing Order, this matter was referred to Magistrate Judge R. Clarke VanDervort on May 26, 2009 for disposition. (Document No.3 )

action under *Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), "charging that the conduct of the medical staff at FCI Beckley violated his rights under the Eighth Amendment of the United States Constitution." Order (Document No. 8). Consequently, the Magistrate Judge found that Petitioner's Section 2241 Petition should be construed as a *Bivens* action and ordered the Clerk to send Petitioner a copy of a form Complaint and an Application to Proceed in Forma Pauperis. The Magistrate Judge also ordered Petitioner to (a) file a Complaint, if he so desired, specifying the Defendant(s) in the *Bivens* action and to state his claims and (b) pay either the $350.00 filing fee or file the Application to Proceed in Forma Pauperis and other documents as required by 28 U.S.C. § 1915(a)(1) and (2).

Magistrate Judge VanDervort cautioned Petitioner that his failure to file these forms within thirty (30) days from the date of the Order would result in a recommendation of dismissal of his *Bivens* action without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia.[2]

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure states in relevant part:

> If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it. Unless, the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits.

While, Rule 41.1 of the Local Rules provides:

> When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

To date, Defendant has not submitted a complaint or the application to proceed without prepayment of fees. The Bureau of Prisons' Inmate Locator website indicates that Petitioner was released from incarceration on March 8, 2010.

Upon consideration of the foregoing, the Court finds that there has been no action in this case since the Magistrate Judge's February 25, 2010 Order. Magistrate Judge VanDervort previously warned Petitioner of the consequences for his failure to comply with his Order. Given Petitioner's lack of response, the Court finds that the Petitioner has indicated that he has no intention in prosecuting this matter any further. Therefore, the Court does hereby **ORDER**, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, that the instant matter be **DISMISSED WITHOUT PREJUDICE** and **REMOVED** from the Court's active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Judgment Order to Magistrate Judge VanDervort, to counsel of record and to any unrepresented party.

ENTER: August 16, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA